IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AMERITAS LIFE INSURANCE CORP.,

    Plaintiff,

v.

AMERITAS COLLEGE, INC.

    Defendant.

Case No.  3:25-cv-00293

Judge _____

JURY TRIAL DEMANDED

VERIFIED COMPLAINT
FOR INJUNCTIVE AND OTHER RELIEF

Comes now the Plaintiff, Ameritas Life Insurance Corp. ("Ameritas" or "Plaintiff"), by and through undersigned counsel, and for its Complaint against Ameritas College, Inc. ("Defendant"), states as follows:

PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Ameritas is a Nebraska corporation licensed to do business in various jurisdictions throughout the United States, including West Virginia, with a mailing address of 5900 O Street, Lincoln, NE.

2. Defendant is an Indiana non-profit corporation licensed to do business in West Virginia, with a mailing address of 8520 Allison Pointe Blvd., Suite 220, Indianapolis, IN 46205, with a local mailing address at 900 5th Avenue, Huntington, WV 25701 (the "Huntington Address"), and with a notice of process address of Cogency Global Inc., 128 Capitol Street, Charleston, WV 25301.

1

3. Plaintiff Ameritas (along with its various affiliates) is in the business of providing insurance and insurance-related services, including, but not limited to, sponsoring and providing training and educational programs, as described in further detail below.

4. Beginning on or about March 23, 2022, Defendant's predecessor began operating a junior college in Huntington, West Virginia through an entity known as Sensible School, Inc., and known as Huntington Junior College.

5. On or about January 27, 2025, according to the website of the West Virginia Secretary of State, Defendant's predecessor changed its name to "Ameritas College Huntington," and continued to operate a junior college located at the Huntington Address stated above in Cabell County, West Virginia that formerly was known as "Huntington Junior College" under, upon information and belief, the direct or indirect ownership of Certell, Inc. and its co-founder Fred Fransen (who serves as President of "Ameritas College Huntington").

6. This Complaint sets forth federal questions regarding alleged infringement of federally registered marks under Title 15, United States Code § 1051, *et seq.*, with various federal and state law claims for unfair competition relating thereto.

7. Therefore, this Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 28 U.S.C. § 1338.

8. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b), under the doctrine of pendent jurisdiction, or both, because the state law claims are joined with a substantial and related claim under the trademark laws of the United States.

9. Because, as set forth below, the allegations giving rise to these claims took place in or involve this District, venue is proper in this District under 28 U.S.C. § 1391, and Defendant is thus subject to the personal jurisdiction of this Court.

## FACTUAL ALLEGATIONS

*The History and Character of Plaintiff Ameritas*

10. Plaintiff incorporates by reference paragraphs 1 through 9, above, as if fully restated herein.

11. In and around April 1987, Plaintiff, then known as Bankers Life Insurance Company of Nebraska, first began using the made-up word "Ameritas" in commerce.

12. Plaintiff created and employed the use of the made-up word "Ameritas" as its name and brand because its earlier moniker ("Bankers Life Nebraska") was determined to be too limiting in terms of its uniqueness, geographic specificity, and in the services it provides; accordingly, the coined term "Ameritas" was implemented to signal a nationwide business model that provides an array of insurance and financial services, including related educational and training services and products.

13. The word "Ameritas" is a combination of the words "America" and "Merit," and is a unique made-up name that is entirely the creation of Plaintiff, with substantial marketing analysis and creative effort, and which, upon information and belief, through the ensuing thirty-seven (37) years, was not properly or legally used by any other company in the United States other than by Plaintiff and its affiliated companies as of the end of 2024; in other words, as of the end of 2024, Plaintiff has had, upon information and belief, exclusive use of the "Ameritas" name and mark for nearly four decades.

14. Through its considerable efforts over nearly four decades, Plaintiff has built up substantial good will and public awareness of the unique and distinctive made-up name "Ameritas," which is a protected trademark critical to its business of national focus and development, throughout all fifty states of the United States.

3

15. To protect this unique name, Plaintiff filed a series of trademark applications over the subsequent decades with the United States Patent and Trademark Office.

16. The USPTO first registered Plaintiff's service mark containing the name "Ameritas" on the Principal Register on March 22, 1988 (Reg. No. 1,481,882).

17. There are, to date, sixteen (16) USPTO-registered marks (most of them incontestable) containing the name "Ameritas," all of which are held by Plaintiff and/or its affiliated companies:

    a. Reg. No. 1,481,882;

    b. Reg. No. 1,487,764

    c. Reg. No. 1,872,035

    d. Reg. No. 3,222,216

    e. Reg. No. 3,687,306

    f. Reg. No. 4,621,210

    g. Reg. No. 4,621,212

    h. Reg. No. 4,621,213

    i. Reg. No. 4,621,214

    j. Reg. No. 4,621,215

    k. Reg. No. 4,621,216

    l. Reg. No. 5,053,340

    m. Reg. No. 5,084,263

    n. Reg. No. 5,641,178

    o. Reg. No. 6,656,664

    p. Reg. No. 6,663,033

18. In the course of developing the unique and distinctive mark and name "Ameritas," Plaintiff's employees and agents wear clothing with Ameritas branding; such clothing, along with cups, hats and other merchandise, is also produced and distributed by Plaintiff Ameritas to its customers as well as to university students in programs sponsored by Plaintiff and attendees of Ameritas-sponsored educational events.

19. As of the end of 2024, Plaintiff Ameritas does business with over 6,200,000 customers throughout the United States, including approximately 20,000 customers in West Virginia.

20. As a major portion of its business, Plaintiff Ameritas provides one of the largest dental plans in the entire country.

21. In 2024, Ameritas distributed policyholder benefits totaling $4.2 billion, and, by the end of the year, its total "GAAP equity" was $3.3 billion.

22. Indeed, Ameritas continues to grow year to year on a national scale, not only through the selling of various insurance policies and annuities, and providing financial services through affiliated brokers and agents, but also through educational partnerships with various institutions, including universities, as further described below.

23. Thus, the "Ameritas" name is a nationwide brand with significant and critical value to Plaintiff.

24. Plaintiff has a vested and valuable interest in protecting and maintaining the "Ameritas" name as its exclusive registered intellectual property.

25. The introduction of other companies bearing the name "Ameritas" into the market, regardless of the goods or services provided by these other companies, would categorically dilute the value of the famous or well-known unique "Ameritas" name and brand.

26. Because, like many companies providing insurance, much of its customer base arises from group employment plans, the introduction of other companies bearing the unique name "Ameritas" would also risk the public associating Plaintiff with those companies directly, which puts Plaintiff and its valuable "Ameritas" mark at risk in a variety of ways.

27. Plaintiff in fact maintains robust marketing campaigns specifically targeting educational institutions, employers, and individual consumers across the United States, including in West Virginia; these are marketed through employer benefit plans that often include colleges and universities from coast to coast.

28. Further, as stated above, Plaintiff's business includes educational, scholarship, and training programs, and to have any company, including an educational institution such as Defendant, usurp Plaintiff's well-established and protected name "Ameritas," would be particularly damaging.

29. Plaintiff is involved significantly with educational institutions, including serving as the corporate sponsor of University of Nebraska–Lincoln's "Ameritas Emerging Leaders Academy," which is a certificate course offered at the University's business school, designed to develop leadership skills for advanced undergraduate students studying there.

30. The "Ameritas Emerging Leaders Academy" was developed and is facilitated by senior executives at Plaintiff Ameritas, who play an active role in mentoring and instructing selected students throughout the academic term.

31. The "Ameritas Emerging Leaders Academy" trains undergraduate students in career tracks tied to the insurance industry, including, but not limited to, actuarial science, underwriting, technology, and finance.

32. Separately, Plaintiff operates a web-based financial education and leadership training program for its at least 10,000 employee and independent agents and representatives called "Ameritas EDU," which has the URL of edu.ameritas.com, and is designed to teach these agents and representatives how to sell products, develop leadership skills, and do business with customers in various sectors of the market.

33. Plaintiff also has entered into a joint venture with Nelnet, Inc. to provide educational sponsorships, student loan repayment, and tuition assistance programs to employees of companies nationwide through its "BenefitEd" platform, which was launched in 2017.

34. The "BenefitEd" platform is marketed directly to employers, including colleges and universities, as part of Plaintiff Ameritas' broader employee benefits and insurance packages.

35. The "Ameritas Emerging Leaders Academy," "Ameritas EDU," and "BenefitEd," jointly and severally, establish the "Ameritas" mark's association with educational advancement and support, in addition to Plaintiff's business of providing group insurance for approximately 220 educational institutional programs throughout the United States as of the end of 2024, several of which being located in West Virginia's surrounding states, including in and around Huntington's tristate area.

36. Further, Plaintiff Ameritas sponsors university-level sports, student programs, and other campus initiatives, including, but not limited to:

   a. Sponsorship of sports teams at University of Nebraska–Lincoln;

   b. Primary financial support of the University of Nebraska Medical Center College of Dentistry;

   c. Sponsorship of University of Nebraska –Lincoln's marketing course (MRKT 490), which was called "Special Topics – Ameritas";

   d. Title sponsorship of the "Ameritas Players Challenge" volleyball competition at the University of Nebraska;

7

  e. Seven-year sponsorship of the University of Cincinnati's data analytics course;

  f. Sponsorship of Duke University athletics, including sponsorship of events like the Duke Veterans day Weekend Showcase;

  g. Sponsorship of the various high-profile sports games, such as 2018's Duke University vs. Texas Tech University basketball game at Madison Square Garden in New York City;

  h. Partnership with the National Association of Collegiate Directors of Athletics to implement "GamePlan by Ameritas$^{SM}$," which offers complimentary courses for members and affiliates and offers the opportunity to work with licensed financial advisors to create financial plans;

  i. Collaboration with The American College of Financial Services and with Women in Insurance & Financial Services to fund scholarships for students; and

  j. Partnership with the non-profit entity Life Happens to fund the "Life Lessons" scholarship at St. Cloud State University.

  37. Thus, the introduction of other companies bearing the name "Ameritas" into the educational services market would not only dilute the value of the unique "Ameritas" name and brand and infringe Plaintiff's federal and common-law trademark rights, but also put Plaintiff at risk of being incorrectly associated with such companies, and could thus harm Plaintiff's goodwill and reputation.

  38. In addition to the ways Plaintiff could be harmed by the introduction of other companies bearing the name "Ameritas" into the market described above, it is also self-evident that such companies would be misappropriating a unique name that was the result of Plaintiff's federally protected creative conception, and presumably would be benefiting from such misappropriation unjustly.

*The Emergence of Defendant "Ameritas College Huntington" in 2025*

  39. Plaintiff incorporates by reference paragraphs 1 through 38, above, inclusive of subparts, as if fully restated herein.

40. Upon information and belief, and as referenced above, Defendant renamed the junior college known as "Huntington Junior College" in Huntington, Cabell County, West Virginia (the "College") to "Ameritas College Huntington" on January 27, 2025, and began using that name by February 2025.

41. More particularly, *The Herald Dispatch* reported on February 28, 2025 that a ribbon-cutting ceremony unveiling signage bearing the new "Ameritas College Huntington" name at the Huntington Address occurred the day prior (February 27, 2025).

42. The same report stated that Defendant was going to "roll out" a new URL for the College the following Monday, March 3, 2025.

43. The College's URL is, indeed, ameritas.edu.

44. The College's URL bears substantial similarity not only to Plaintiff Ameritas' own URL (ameritas.com), but also the URL for Plaintiff's "Ameritas EDU" program (edu.ameritas.com), described in paragraph 32, above.

45. The College currently provides educational services, including, but not limited to, a dental assistance degree program, which upon information and belief will cause further confusion due to Plaintiff Ameritas' nationwide position as one of the country's largest dental plan providers.

46. This confusion becomes more likely due to the fact that Plaintiff Ameritas has sponsored courses at other schools, such as the University of Cincinnati and University of Nebraska, as described in paragraphs 29–31 and 36(c) and (e) above, including courses bearing the "Ameritas" name.

47. Defendant's educational services also cause further risk of confusion due to how they intersect with Plaintiff Ameritas' greater involvement in the educational sphere, including in

provision of financial aid, courses, training, and sponsorships, described in paragraphs 29 through 36, above, inclusive of subparts.

48. Indeed, the effect of Defendant's use of Plaintiff's name "Ameritas" has caused Plaintiff's optimal search-engine position on the internet to be compromised, by now diluting references to Plaintiff in search-engine searches with references to the College, and causing search engines and A.I. programs to confuse Plaintiff with Defendant; in fact, for example, a Google AI inquiry as to whether "Ameritas offers financial aid" has, as recently as the day of this filing (May 2, 2025), been answered as follows:

> Yes, Ameritas College offers financial aid to students. They have full-time Financial Aid Administrators to assist with the entire process, from completing the FAFSA to managing aid after graduation. Additionally, Ameritas provides a range of education assistance programs through BenefitEd, including student loan repayment and tuition reimbursement for employees, according to Ameritas.[1]

49. Defendant has filed a pending trademark application, Ser. No. 99013770 (filed January 21, 2025) in class 25 (regarding clothing, etc.) and class 41 (regarding educational services, etc.), for the mark and name "Ameritas"; thus, upon information and belief, Defendant intends on marketing clothing and related merchandise, as well as educational services and materials, using the name "Ameritas"—which is identical in all respects to the "Ameritas" name used (and federally registered) by Plaintiff.

50. Upon information and belief, Defendant must have known, prior to changing the College's name to "Ameritas College Huntington," that the unique and made-up "Ameritas" name

---

[1] Note that the first sentence is referencing Defendant, not Plaintiff; while the second sentence is speaking about Plaintiff Ameritas, not Defendant. *See* ¶¶ 33–34, above (regarding Plaintiff's "BenefitEd" program). Not only can and will this result, if and when read, lead to confusion among potential searchers on Google, but, upon information and belief, it also evidences the risk of confusion generally, as a large-language model A.I. system is purportedly designed to reflect how, and with what, words are associated on a large scale.

was already used in commerce, claimed, and wholly possessed by Plaintiff Ameritas, as there was no other entity, thing, or definition with which that word was affiliated at that time.

51. Furthermore, upon information and belief, there could not have been virtually any online search engine search results for the word "Ameritas" that would have provided anything other than references to Plaintiff.

52. At that time, upon information and belief, any URL search for "Ameritas" would have revealed Plaintiff's web presence, and particularly its domain name, "ameritas.com,"

53. Also, at that time, any USPTO database search for "Ameritas" would have revealed the sixteen registered marks described in paragraph 17, above (inclusive of subparts).

54. Because it is common practice that these preliminary online inquiries, and especially the USPTO database search, should be performed prior to filing any trademark application with the USPTO, the presumption is, as stated above, that Defendant fully knew what it was doing when it intentionally misappropriated the unique, made-up, and valuable "Ameritas" name for its own purposes.

55. Defendant's actions of infringement and misappropriation are thus intentional.

56. Upon information and belief, based on public statements made by its President, Fred Fransen, Defendant intends to use the "Ameritas" name to appeal to a more national audience and be attractive to regions outside of the Huntington, West Virginia area, with in-person classes and online classes available for students nationwide.

57. Upon information and belief, then, Defendant and Mr. Fransen intend to take advantage of the "Ameritas" name that Plaintiff created and made valuable, in order to grow Defendant's business unfairly.

58. Indeed, Mr. Fransen has stated that Defendant "aims to serve students nationwide—and eventually, worldwide."[2]

59. Plaintiff has, through counsel, contacted Defendant to demand Defendant cease and desist from using the name "Ameritas"; Defendant has refused to acquiesce to that demand.

60. Accordingly, to protect the integrity of its unique and federally-protected name, to maintain the value of its branding, goodwill, and reputation, and to ensure the preservation of the value of the "Ameritas" name for Plaintiff's nationwide business, including, but not limited to, its involvement in the educational industry, Plaintiff has determined to file this Verified Complaint for injunctive and other relief, with such claims being set out below.

## COUNT ONE
### *Infringement of a Federal Mark (15 U.S.C. § 1114)*

61. Plaintiff incorporates by reference paragraphs 1 though 60, above, inclusive of subparts, as if fully restated herein.

62. As a result of the creativity, care, skill, and integrity exercised and maintained by Plaintiff since the creation, registration, and implementation of the "Ameritas" name since 1987, as well as in the conduct of its business, Plaintiff Ameritas has acquired a consistent reputation nationwide, and the name "Ameritas" has developed a similar reputation.

63. This reputation—and the valuable goodwill that comes with it—goes beyond the provision of insurance, as Plaintiff has used the federally protected "Ameritas" marks to provide merchandising, educational services, training, scholarships, and sponsorships nationally, and has created a wide customer base of employers, including, but not limited to, colleges and universities.

---

[2] *See* "Disrupting Institutional Education: A Radical Reset for the Forgotten with Fred Fransen," *Disruption Interruption*, PRWEB.COM (April 8, 2025), https://www.prweb.com/releases/disrupting-institutional-education-a-radical-reset-for-the-forgotten-with-fred-fransen-302422987.html (last visited May 2, 2025).

64. The "Ameritas" marks have, therefore, acquired a decades-long distinctive and widespread commercial recognition, representing the inestimable goodwill that Plaintiff has created, which goodwill is a valuable asset of Plaintiff.

65. The activities of Defendant, as these have been alleged above, in misappropriating the unique "Ameritas" name have infringed Plaintiff's registered marks set forth above in paragraph 17, inclusive of subparts.

66. These activities of Defendant are intended and/or likely to cause confusion, mistake, or both in the marketplace, and are intended and/or likely to deceive the public, including, but not limited to, by causing the public to believe Defendant and Plaintiff are somehow related.

67. Indeed, Defendant's acts of infringement not only damage Plaintiff, but will cause further irreparable injury for which Plaintiff has no remedy at law.

68. Accordingly, Defendant's acts of infringement are in violation of federal trademark law, and Plaintiff has a cause of action against Defendant for the same under statutes of the United States, and is entitled to the greatest extent possible to all damages, awards, and relief arising thereunder.

## COUNT TWO
*Common Law Mark Infringement*

69. Plaintiff incorporates by reference paragraphs 1 through 68, above, inclusive of subparts, as if fully restated herein.

70. For all the foregoing reasons set forth in Count One, above (paragraphs 61 through 68), Defendant has infringed the common-law trademark rights and intellectual property of Plaintiff in the form of the name and mark "Ameritas," regardless of the status of the sixteen USPTO-registered marks set forth in paragraph 17, above.

71. Plaintiff's use of the name and mark "Ameritas" was and is at all times relevant to this dispute, and for a period of nearly four decades, nationwide and pervasive, the result of Plaintiff's own creation and marketing, and distinctive in nature.

72. By intentionally misappropriating for its own benefit the distinctive and made-up name and mark "Ameritas," Defendant has engaged in infringement of this name and mark pursuant to the common law.

73. Accordingly, Plaintiff has a cause of action against Defendant at common law for such infringement, and is entitled to the greatest extent possible to all damages, awards, and relief arising thereunder.

## COUNT THREE
*Unfair Competition (15 U.S.C. § 1125(a))*

74. Plaintiff incorporates by reference paragraphs 1 through 73, above, inclusive of subparts, as if fully restated herein.

75. The "Ameritas" name, and Plaintiff's associated registered marks (as set forth in paragraph 17, above, inclusive of subparts), have become uniquely associated with, and identify, Plaintiff in the nationwide marketplace, not only as a provider of insurance-related services, but a corporate entity involved in the community, including in the category of educational services and merchandise.

76. Defendant's use of the "Ameritas" name and associated registered marks—which, upon information and belief, and as alleged in paragraphs 56–58, above, is likely to be interstate in nature—is the use of a false designation of origin, or a false representation, and falsely designates Defendant's products and services as originating from or being connected with Plaintiff.

77. Use by Defendant of the "Ameritas" name and associated registered marks in connection with its advertising of its products and services constitutes a false designation of origin that has resulted in and is likely to result in confusion or mistake or deception in the trade, which has caused and will cause irreparable injury to Plaintiff in violation of federal statutes, and will continue to do so unless enjoined by the Court.

78. Accordingly, Defendant's acts of unfair competition are in violation of federal law, and Plaintiff has a cause of action against Defendant for the same under statutes of the United States, and is entitled to the greatest extent possible to all damages, awards, and relief arising thereunder.

## COUNT FOUR
*Conversion*

79. Plaintiff incorporates by reference paragraphs 1 through 78, above, inclusive of subparts, as if fully restated herein.

80. Whether federally protected or not (which it clearly is), the name "Ameritas" is the unique creation and intellectual property of Plaintiff, having inestimable value to Plaintiff's nationwide business model.

81. Defendant has clearly been made aware of Plaintiff's unique name of "Ameritas" and of Plaintiff's explicit demand to cease and desist Defendant's use of that name in the marketplace.

82. Defendant has refused to acquiesce to this demand, and thus is knowingly misappropriating the "Ameritas" name.

83. In misappropriating the intellectual property of Plaintiff, Defendant has knowingly converted and infringed on the same.

84. These acts are willful, wanton, vexatious, and in bad faith; thus, Plaintiff has a cause of action for the same, and is accordingly entitled to a remedy for consequential and compensatory damages in connection therewith, as well as punitive damages and attorney's fees and costs under West Virginia law.

## COUNT FIVE
*Slander of Title*

85. Plaintiff incorporates by reference paragraphs 1 through 84, above, inclusive of subparts, as if fully restated herein.

86. In misappropriating the intellectual property of Plaintiff, and openly marketing itself as having possession and legal right over the same, Defendant has slandered Plaintiff's title to Plaintiff's intellectual property.

87. Plaintiff has a cause of action for such slander of title, and is accordingly entitled to a remedy for consequential and compensatory damages in connection therewith.

88. Because these acts are willful, wanton, vexatious, and in bad faith, Plaintiff is further entitled to punitive damages and attorney's fees and costs under West Virginia law.

## COUNT SIX
*Unjust Enrichment*

89. Plaintiff incorporates by reference paragraphs 1 through 88, above, inclusive of subparts, as if fully restated herein.

90. By receiving and retaining funds, from any source, and, upon information and belief, intending to continue to receive and retain the same in the future (including during the pendency of this action), through wrongful use of the "Ameritas" name, Defendant has enriched and is enriching itself with funds unjustly received.

91. It would be inequitable and unconscionable to permit Defendant to avoid payment therefor, and thus the law of the State of West Virginia requires that Defendant pay for these monetary benefits.

92. Plaintiff has a cause of action for such unjust enrichment, and is accordingly entitled to a remedy for consequential and compensatory damages in connection therewith.

93. Because these acts are willful, wanton, vexatious, and in bad faith, Plaintiff is further entitled to punitive damages and attorney's fees and costs under West Virginia law.

## REMEDIES SOUGHT

94. Plaintiff incorporates by reference paragraphs 1 through 93, above, inclusive of subparts, as if fully restated herein.

95. As remedies for the above-listed causes of action, on the bases alleged, Plaintiff asserts that it is entitled to the following:

   a. An award for disgorgement of Defendant's profits pursuant to federal law, as well as of any and all other benefits Defendant has received due to its unjust enrichment pursuant to state law, as such shall be revealed in discovery, subject as applicable to the treble damages provision of 15 U.S.C. § 1117(b);

   b. An award for actual damages sustained by Plaintiff as a result of Defendant's infringement and unfair competitive practices pursuant to federal law, as well as any and all compensatory and consequential damages suffered by Plaintiff due to Defendant's tortious actions pursuant to state law, as such shall be revealed in discovery, subject as applicable to the treble damages provision of 15 U.S.C. § 1117(b);

  c. An award for punitive damages arising from Defendant's knowing, willful, wanton, vexatious, and bad faith actions, pursuant to both federal and state law, to be determined by the jury;

  d. An award for Plaintiff's attorney's fees and costs, arising from Defendant's knowing, willful, wanton, vexatious, and bad faith actions, pursuant to both federal and state law;

  e. In equity, an <u>Order of Declaratory Judgment</u>, affirming that the "Ameritas" name, in all its applications and uses, is the rightful intellectual property of Plaintiff, which cannot be used by any other entities without the express consent and license of Plaintiff, as will be further described and set forth in separate motion; and

  f. In equity, <u>Orders of Preliminary and Permanent Injunction</u>, ordering Defendant immediately to cease and desist all use of the "Ameritas" name, of any kind, ordering Defendant's express withdrawal of its pending "Ameritas" trademark application, and ordering Defendant to transfer to Plaintiff the domain name "ameritas.edu," as will be further described and set forth in separate motion.

## PRAYER FOR RELIEF

For the reasons above alleged and described, Plaintiff Ameritas Life Insurance Corp., by this Complaint, hereby prays that this Court grant it the remedies requested above, including any other award or sanction that this Court deems in the interests of justice appropriate to grant.

Plaintiff demands a trial by jury on all aspects of this matter triable by a jury.

Submitted this 2nd day of May, 2025.

                                                    AMERITAS LIFE INSURANCE CORP.

                                                            By Counsel,


*/s/Stephen D. Annand*
Stephen D. Annand (W.Va. Bar #150)
Kent J. George (W.Va. Bar #4842)
Jonathon C. Stanley (W.Va. Bar #13470)
ROBINSON & McELWEE PLLC
400 Fifth Third Center
700 Virginia Street East
Charleston, WV  25301
sda@ramlaw.com
kjg@ramlaw.com
jcs@ramlaw.com
304-344-5800

John L. Beard *(pro hac vice pending)*
BUTZEL ATTORNEYS AND COUNSELORS
1909 K Street, NW
Suite 860
Washington, DC  20006
beard@butzel.com
202-454-2800

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AMERITAS LIFE INSURANCE CORP.,

    Plaintiff,

v.

AMERITAS COLLEGE, INC.

    Defendant.

Case No.   3:25-cv-00293

Judge _____

JURY TRIAL DEMANDED

## VERIFICATION

I, TURAN P. ODABASI, Director and Assistant General Counsel of the Plaintiff Ameritas Life Insurance Corp. in the above-captioned legal action, do hereby verify that I have read the foregoing "Verified Complaint for Injunctive and Other Relief," and that the factual statements and assertions made therein are, to the best of my knowledge, information, and belief, true and accurate, except insofar as these statements and assertions are made upon information and belief only, in which case I believe them to be true.

SIGNED THIS 2nd day of May, 2025

                                                                        _____

COUNTY OF Lancaster

STATE OF Nebraska

Taken, subscribed, and sworn to before me this 2nd day of May, 2025.

My commission expires: December 14, 2025     _____
                                                                            Notary Public

[Seal]   GENERAL NOTARY - State of Nebraska
            JUSTIN A SHELDON
            My Comm. Exp. December 14, 2025